IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY F. SHACHTER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, THOMAS A. DORAN, KELLEY A. GANDURSKI, and J. ALLEN THOMAS,<br><br>Defendants. | Case No. 18-cv-5504<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

In July 2017, Jay Shachter returned home to find the trees and plants gone from his backyard. After learning the City of Chicago was responsible, he filed a complaint in the Circuit Court of Cook County against the City and City attorneys Thomas Doran, Kelley Gandurski, and J. Allen Thomas (collectively, "Defendants") for property damage, violation of his civil rights, and exemplary damages. (Compl., Dkt. 1-1). Defendants removed the case to federal court, and then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkts. 1, 17).

For the reasons explained below, the Court grants the motion to dismiss [17], and also grants Shachter leave to replead consistent with this opinion.

I. Background

In his complaint, pro se Plaintiff Shachter ("Shachter") alleges that Defendants filed a "quasi-criminal complaint" against him in state court to remove hazardous

1

items from his backyard. (Compl. ¶ 5).[1] (The Cook County case is case number l7-Ml-400536.) Shachter asserts "[o]n information and belief, the Defendants knew that the allegations in their Complaint were false." (*Id.* ¶ 6). Shachter also alleges that Defendants filed a false affidavit of service with the court and held an *ex parte* hearing on the second day of a Jewish holiday, knowing he would be unavailable to attend. The result of the hearing, he says, was a court order that "went beyond the relief" Defendants requested. (*Id.* ¶¶ 7, 8). That June 1, 2017 court order "authorizing City action at an unsafe property" ("abatement order") is attached as Exhibit 2 to Defendants' brief in support of their motion to dismiss. (Dkt. 34 at 30).

Shachter filed a motion to quash service but before the motion could be heard, Defendants executed the abatement order. (Compl. ¶ 11). Therefore, Shachter claims, Defendants "fraudulently obtained" the order "to perform acts of destruction [to his property] that the Order didn't even authorize." (*Id.* ¶ 12). He further alleges that the state court later quashed service and ordered all prior orders in the case void *ab initio*. (*Id.* ¶ 13). Seeking dismissal of Shachter's complaint, Defendants argue that they are immune from liability and that Shachter did not sufficiently plead his claims. (Dkt. 34).

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion

---

[1] The Court accepts as true all of Plaintiff's well-pleaded facts and draws all permissible inferences in Plaintiff's favor. *See e.g., Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (internal citations and quotations omitted).

2

to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp.,* 763 F.3d at 700. Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).[2]

---

[2] With regard to extrinsic evidence, courts normally do not consider such evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials."). In addition, the Court may "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).

III. Analysis

   A. Property Damage (Count I)

Shachter complains of damage to his property, alleges that Defendants fraudulently obtained an order from the state court to destroy his property, and carried out the order in a manner that went beyond what the order authorized. (Compl. ¶¶ 12–13). In response, Defendants ask the Court to dismiss this claim with prejudice because (1) absolute immunity protects the individual Defendants and (2) the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* ("Tort Immunity Act") protects the City.

The Court agrees that immunity shields the Defendants. With regard to prosecutorial immunity, the Seventh Circuit has explained:

> Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process. A prosecutor is shielded by absolute immunity when he acts as an advocate for the State but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings. These standards also apply to a prosecutor's acts in initiating *civil* proceedings as long [as] the prosecutor is functioning in an enforcement role analogous to his role in criminal proceedings... Moreover, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.

*Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (emphasis in original) (internal citations and quotations omitted). *See also Williams v. Mannlein*, 637 F. App'x 221, 222 (7th Cir. 2016) ("the prosecutor has absolute immunity from liability arising from the performance of her prosecutorial duties (which includes prosecution of civil violations)"); *Thomas v. City of Peoria*, 580 F.3d 633, 638–39 (7th Cir. 2009)

(prosecutions that are criminal, civil, or administrative are covered by prosecutorial immunity). Even a prosecutor who exceeds his authority does not necessarily lose his immunity because "only when a prosecutor acts in the clear absence of all statutory authority is the immunity lost." *Smith*, 346 F.3d at 743.

Shachter does not allege that the Defendants conduct was "unrelated to the preparation and initiation of judicial proceedings." *Smith*, 346 F.3d at 742. Rather, he complains that Defendants knew the allegations in the complaint against him were false (Compl. ¶ 6), filed a false affidavit of service (*id.* at ¶ 7), scheduled an *ex parte* hearing when they knew he would be unavailable (*id.* at ¶ 8), secured an order from the court that went beyond the relief requested in the complaint (*id.*), and carried out the abatement order before his motion to quash could be heard and in a manner that went beyond what the abatement order authorized. (*id.* at ¶ 12).

These allegations are complaints of a lawyer exceeding his authority and/or acting maliciously, unreasonably, or based on false evidence. All of this alleged conduct falls within the realm of the prosecutorial immunity that Defendants are guaranteed. Moreover, the language in the abatement order[3] and the fact that a judgment was entered by the state court against Shachter[4] also weigh against any inference that the individual Defendants acted with a "clear absence of all statutory authority." *Smith*, 346 F.3d at 743.

---

[3] The abatement order authorizes the City of Chicago, under the Unsafe Property Act, 65 ILCS 5/11-31-1, to "remove all junk, debris, and/or other material which is hazardous or a nuisance" and "remove all foliage which is a safety hazard or nuisance, including weeds, shrubbery, and/or trees" from Shachter's property. (Dkt. 34 at 30, Exh. 2).

[4] *See* Dkt. 39-1, Exh. 1, Judgment Order in case no. l7-Ml-400536.

Shachter relies on *Hanzel Constr., Inc. v. Wehde & Southwick, Inc.* and the court's statement in that case that "[t]o be protected, the actions taken must be within the scope of the official's authority and not as a result of malicious motives." 130 Ill. App. 3d 196, 200, 85 Ill. Dec. 624, 627–28 (Ill. App. Ct. 1985). However, *Hanzel* concerned the more narrow public official immunity, as opposed to prosecutorial immunity. Shachter next attempts to distinguish federal and state law, but when it comes to prosecutorial immunity, Illinois courts have stated that the state and federal doctrines are "coterminous and prosecutors acting within the scope of their prosecutorial duties are absolutely immune from liability under state law." *Frank v. Garnati*, 2013 IL App (5th) 120321, ¶ 17, 370 Ill. Dec. 931, 934 (Ill. App. Ct. 2013). Therefore "prosecutors acting in the course of their duties are afforded absolute immunity from all acts, even malicious acts." *Id.* (*leave to appeal den'd*, 374 Ill. Dec. 565, 996 N.E.2d 12 (Ill. 2013)).

Because the Court finds the individual Defendants to be immune based on absolute prosecutorial immunity, the City is immune under Section 2-109 of the Tort Immunity Act. The Tort Immunity Act provides in relevant part that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. "'Injury' means death, injury to a person, or damage to or loss of property [and] any injury alleged in a civil action." 745 ILCS 10/1-204. *See Bloomingdale v. C.D.G. Enters.*, 196 Ill. 2d 484, 497, 256 Ill. Dec. 848, 858 (Ill. 2001) ("section 2-109 provides that a local public entity is not liable where its employee is not liable.").

The Court dismisses Count I against the City and individual Defendants without prejudice.

### B. Due Process Violation (Count II)

Shachter also brings a Fifth Amendment claim, alleging that Defendants "under color of law, deprived me of my property without due process of law, in defiance of Federal law, [making] Defendants liable for civil-rights damages, under 42 U.S.C. § 1983." (Compl. ¶ 15). To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that a government official, acting under color of state law, deprived [him] of a right secured by the Constitution or laws of the United States." *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), a § 1983 claim against a municipality "must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims,* 506 F.3d at 514.

Defendants argue that Shachter fails to state a *Monell* claim against the City. The Court agrees. Shachter has not alleged an official policy or custom causing the alleged constitutional violation. *See Bertha v. Hain*, 2019 U.S. App. LEXIS 27980, at *11 (7th Cir. Sep. 18, 2019) (plaintiff failed to state a *Monell* policy claim based on particularized action against him); *Bertha v. Kane Cty.*, 2018 U.S. Dist. LEXIS 145104, at *11 (N.D. Ill. Aug. 27, 2018) (*Monell* claim dismissed without prejudice).

Defendants also argue that Shachter's due process claim fails because he does not allege that he does not have an adequate remedy under state law, and because *ex*

7

*parte* hearings are permitted under the Unsafe Property Act, 65 ILCS 5/11-31-1. Reading Shacter's complaint liberally, however, he claims that he did not have *any* notice before the City executed the abatement order. (Compl. ¶¶ 4–5). *Cf. Pierce v. Vill. of Divernon*, 17 F.3d 1074, 1078 (7th Cir. 1994) (agreeing with district court's holding that there was no due process violation because the Village was not prohibited from obtaining an *ex parte* demolition order after giving plaintiffs at least fifteen days' written notice of its intention to demolish the property).

Still, Shachter's allegations again run up against prosecutorial immunity because they do not allow the Court to infer that the attorneys acted with a clear absence of all statutory authority. As discussed, the language in the abatement order and fact that a judgment was entered against Shachter also weigh against any such inference. Accordingly, the individual Defendants are immune from liability against Shachter's § 1983 claim. *See Thomas*, 580 F.3d 633.

The Court dismisses Count II against the City and individual Defendants without prejudice.

### C. Damages under 720 ILCS 5/21-1(a)(1) and 18 U.S.C. § 242 (Count III)

In Count III of his complaint, Shachter alleges that Defendants violated 720 ILCS 5/21-1(a)(1) and 18 U.S.C. § 242 because their conduct was "criminal in character" and therefore he should be awarded punitive or exemplary damages. (Compl. ¶¶ 16-17). 720 ILCS 5/21-1(a)(1) and 18 U.S.C. § 242 are both criminal statutes. Shachter fails to cite to any authority for the proposition that a private plaintiff may bring a cause of action or seek civil damages under these statutes. "The criminal code does

not provide a private right of action to private citizens." *Mathers v. HSBC Bank*, 2018 U.S. Dist. LEXIS 136070, at *15 (N.D. Ill. Aug. 13, 2018). *See also Dixon v. McGuire*, 2014 IL App (3d) 120727-U, ¶ 7 ("The [Illinois] Criminal Code creates no civil cause of action for a violation of its provisions."). Thus to the extent that Count III is a separate cause of action, it is dismissed with prejudice.

Defendants read Shachter's response brief as arguing that Count III is a prayer for relief to his property damage and civil rights claim. As they point out, 745 ILCS 10/2-102 immunizes a local public entity and public officials from punitive or exemplary damages. Defendants also acknowledge that in limited circumstances in § 1983 cases, punitive damages are permissible against individual defendants. Given the pleading stage and Shachter's *pro se* status, if Count III is construed as a prayer for relief, it is stricken with prejudice against the City, but without prejudice as to the individual Defendants.

### D. Leave to Amend

Shachter requests leave to replead his complaint if Defendants' motion is granted. (Dkt. 35 at 13). If Shachter files an amended complaint, it will be his first attempt at amendment. Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave" to a plaintiff to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will do so here.

However, the Court notes that the parties have not raised *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746 (1971). Under *Younger*, federal courts refrain from exercising their jurisdiction when relief may interfere with certain state proceedings.

Abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). *See also Bertha*, 2018 U.S. Dist. LEXIS 145104, at *11 (court may raise *Younger* issue *sua sponte*). Based on the record before it, the Court has limited information about the stage of proceedings of Shachter's case in the Illinois appellate court or the particular issues on appeal. Therefore, if Shachter decides to file an amended complaint in this case, the Court will require Defendants to file a status report about status of the Illinois appellate proceedings, due seven (7) business days after Shachter's amended complaint is filed. The Court will then consider the applicability of *Younger* in this case.

**IV. Conclusion**

For the stated reasons, Defendants' Rule 12(b)(6) motion to dismiss [17] is granted, and Plaintiff Shachter has leave to replead consistent with this opinion. Shachter has thirty (30) days from the date of this Order to file an amended complaint. Reassignment status hearing set for 10/7/19 is stricken, no appearance necessary, and no reassignment status report is required.

E N T E R:

Dated: September 30, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge