IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY F. SHACHTER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, THOMAS A. DORAN, KELLEY A. GANDURSKI, and J. ALLEN THOMAS,<br><br>Defendants. | Case No. 18-cv-5504<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Jay Shachter filed this case challenging the City of Chicago's execution of an abatement order on his property that removed trees and plants his backyard. He sued the City and City attorneys Thomas Doran, Kelley Gandurski, and J. Allen Thomas (collectively, "Defendants") for property damage, due process violation, tortious criminal conduct, and exemplary damages. (Am. Compl., Dkt. 44). Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

For the reasons explained below, the Court grants the motion to dismiss [48].

   I. **Background**

In his Amended Complaint, pro se Plaintiff Shachter ("Shachter") alleges that Defendants filed a "quasi-criminal" verified complaint against him in state court to

1

remove hazardous items from his backyard. (Am. Compl. ¶ 5).[1] (The Cook County case is case number l7-Ml-400536.) Shachter asserts "[o]n information and belief, the Defendants knew that the allegations in their Complaint were false." (*Id*. ¶ 6). He further alleges that "[i]n swearing to the truth of statements that they knew to be false, the three Defendants that are natural persons went beyond the scope of, and performed acts unauthorized by, their legitimate functions as lawyers for the City of Chicago, and their acts were motivated by malice. It will be shown at trial that the City of Chicago has a pattern of filing false complaints in cases of this nature." (*Id*.).

Shachter also alleges that Defendants filed a false affidavit of service with the court, when, on information and belief, they knew the information in the affidavit of service was false, that the individual falsely stated he was a process server and that the affidavit of service was invalid. (*Id*. ¶ 7). Defendants then secured an *ex parte* hearing on the second day of a Jewish holiday, knowing Shachter would be unavailable to attend. The result of the hearing, he says, was a court order that "went beyond the relief" Defendants requested. (*Id*. ¶ 8). That June 1, 2017 court order "authorizing City action at an unsafe property" ("abatement order") is attached as Exhibit 2 to Defendants' brief in support of their motion to dismiss. (Dkt. 48-2).

Shachter filed a motion to quash service but before the motion could be heard, Defendants executed the abatement order. (Am. Compl. ¶ 11). Therefore, Shachter claims, Defendants "fraudulently obtained" the order "to perform acts of destruction

---

[1] The Court accepts as true all of Plaintiff's well-pleaded facts and draws all permissible inferences in Plaintiff's favor. *See e.g., Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (internal citations and quotations omitted).

[to his property] that the Order didn't even authorize." (*Id.* ¶ 12). He further alleges that the state court later quashed service and ordered all prior orders in the case void *ab initio*. (*Id.* ¶ 13). Seeking dismissal of Shachter's complaint, Defendants argue that they are immune from liability and that Shachter's complaint fails to state a claim for relief. (Dkt. 48).

In its prior opinion, this Court granted Defendants' motion to dismiss Shachter's three-count original complaint. (Dkt. 43). Count I (Property Damage) was dismissed against the City and individual Defendants without prejudice. Count II (Due Process Violation) was dismissed against the City and individual Defendants without prejudice. Count III (Exemplary Damages) was dismissed with prejudice to the extent it was pled as a separate cause of action, and if construed as a prayer for relief, it was stricken with prejudice against the City, but without prejudice as to the individual Defendants. The Court permitted Shachter to replead consistent with its opinion.[2]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual

---

[2] In addition, the Court requested that, if Shachter filed an amended complaint, Defendants file a status report about the Illinois appellate court proceedings. (Dkt. 43 at 9-10). Defendants did so, informing the Court that the issue on appeal was whether the state court erred in denying Shachter's Motion for Substitution of Judge. (Dkt. 47). Subsequently, on February 28, 2020, the Illinois appellate court ruled that the trial court should have granted Shachter's motion for substitution of judge as of right, and therefore held that all orders entered in the case after Shachter filed his motion for substitution of judge, including the judgment against him, were void. *City of Chi. v. Shachter*, 2020 IL App (1st) 190393-U (1st Dist. 2020).

information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp.,* 763 F.3d at 700. Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).[3]

---

[3] With regard to extrinsic evidence, courts normally do not consider such evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials."). In addition, the Court may "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).

### III. Analysis

Shachter's Amended Complaint is not significantly changed from his original complaint. The Amended Complaint is pled in four counts: property damage (Count I), civil rights violation (Count II), tortious criminal conduct (Count III), and exemplary damages (Count IV).

#### A. Property Damage (Count I)

The Court previously dismissed the state law property damage claim against the City and individual Defendants without prejudice. As before, Defendants argue that this claim must be dismissed because (1) absolute immunity protects the individual Defendants and (2) the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* ("Tort Immunity Act") protects the City. (Dkt. 48-1 at 4-9).

The Court agrees that immunity shields the individual Defendants. "Prosecutors, like judges, enjoy absolute immunity from federal tort liability, whether common law or constitutional, because of 'concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976)). In *Smith v. Power*, the Seventh Circuit explained:

> Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process. A prosecutor is shielded by absolute immunity when he acts as an advocate for the State but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings. These standards also apply to a prosecutor's acts

5

> in initiating *civil* proceedings as long [as] the prosecutor is functioning in an enforcement role analogous to his role in criminal proceedings... Moreover, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.

346 F.3d 740, 742 (7th Cir. 2003) (emphasis in original) (internal citations and quotations omitted). *See also Williams v. Mannlein*, 637 F. App'x 221, 222 (7th Cir. 2016) (prosecutorial absolute immunity applies to prosecution of civil violations) and *Thomas v. City of Peoria*, 580 F.3d 633, 638–39 (7th Cir. 2009). Even a prosecutor who exceeds his authority does not necessarily lose his immunity because "only when a prosecutor acts in the clear absence of all statutory authority is the immunity lost." *Smith*, 346 F.3d at 743.

As in his original complaint, Shachter's Amended Complaint asserts that Defendants knew the allegations in the state court complaint against him were false (Am. Compl. ¶ 6), filed a false affidavit of service (*id*. at ¶ 7), scheduled an *ex parte* hearing when they knew he would be unavailable (*id*. at ¶ 8), secured an order from the court that went beyond the relief requested in the complaint (*id*.), and carried out the abatement order before his motion to quash could be heard and in a manner that went beyond what the abatement order authorized. (*id*. at ¶¶ 11, 12).

In his Amended Complaint, Shachter adds that "the three Defendants that are natural persons went beyond the scope of, and performed acts unauthorized by, their legitimate functions as lawyers for the City of Chicago, and their acts were motivated by malice." (Am. Compl. ¶¶ 6, 7, 8, 11, 12). There are two problems with this allegation. First, the Court is not obligated to take this conclusory allegation as true

6

for purposes of deciding the motion to dismiss. *See McCauley*, 671 F.3d at 616 (legal conclusions and conclusory allegations "not entitled to this presumption of truth" given to well-pleaded facts). Second, it does not provide any factual basis for the Court to infer that Defendants' conduct was "unrelated to the preparation and initiation of judicial proceedings" or that they acted in an investigative rather than an enforcement role or "in the clear absence of all statutory authority." *Smith*, 346 F.3d at 742-43.

The particular acts described in the Amended Complaint also do not give rise to the inference that individual Defendants acted in the "clear absence of all statutory authority." Shachter insists that Defendants' enforcement of the abatement order went beyond the relief permitted by that order because the City destroyed his mulberry trees and grapevines, for example. (Am. Compl. ¶12). But the language of the abatement order belies this argument; it allows the City to remove from Shachter's property "*all* foliage which is a safety hazard or nuisance, including weeds, shrubbery, and/or trees." (Dkt. 48-2, Exh. 2) (emphasis added).[4] Moreover, even accepting as true that the execution of the abatement order went beyond what the order allowed, Shachter does not explain how that conduct would cause the individual Defendants to lose their prosecutorial immunity. Shachter also claims that the abatement order went beyond the relief requested in the state court complaint (Am.

---

[4] The abatement order authorizes the City of Chicago, under the Unsafe Property Act, 65 ILCS 5/11-31-1, to "remove all junk, debris, and/or other material which is hazardous or a nuisance" and "remove all foliage which is a safety hazard or nuisance, including weeds, shrubbery, and/or trees" from Shachter's property. (Dkt. 48-2, Exh. 2).

7

Compl. ¶8), but that allegation appears to be directed not at the named Defendants but at the state court judge (who would undoubtedly also be protected by absolute immunity).

Shachter also points to Defendants' filing of a "false affidavit of service." However, accepting the allegation as true that Defendants knew that the information in the process server's affidavit of service was false, prosecutors acting based on false evidence or testimony do not lose absolute immunity. *Smith*, 346 F.3d at 742. Similarly, Shachter alleges that Defendants knew the information in the state court verified complaint was false. As an initial matter, Shachter broadly alleges that "on information and belief, the Defendants knew that the allegations in their Complaint were false", but does not allege that any particular statement in the state court complaint was false or explain why any information in that complaint was false. In addition, such an allegation against Defendants does not mean their immunity is lost. *See Thomas*, 580 F.3d at 638 ("Prosecutors have absolute immunity when they are performing prosecutorial duties, and filing a complaint [whether civil or criminal] is such a duty.").[5] Shachter's claims that Defendants relied on false information is

---

[5] Schacter relies on the discussion in *Smith v. Power* explaining that the attorney in that case not did not personally vouch under penalty of perjury for the truth of the facts in the notice. Here, one of the individual Defendants signed the state court complaint under the "Verification by Certification" pursuant to Section 1-109 of the Illinois Code of Civil Procedure. (Dkt. 48-2, Exh. 1). The *Smith* Court discussed several reasons why it was not convinced by the plaintiff's assertion that the prosecutor was acting as an investigator, including that plaintiff did not allege that the prosecutor personally inspected the house or personally vouched for the facts in the notice. 346 F.3d 740. Here, Schacter does not even allege that the individual Defendants were acting as investigators or complaining witnesses. His claim is about the statements made in the complaint against him and Defendants' litigation conduct. These were actions of an advocate for the State. *See Kalina*, 522 U.S. at 131 ("We do not depart from our prior cases that have recognized that the

distinguishable from a case in which a prosecutor *fabricates* evidence. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (prosecutor allegedly fabricating evidence about an unsolved crime is not acting as an advocate for the State and therefore is not entitled to absolute immunity). Shachter does not allege that any Defendant fabricated evidence against him.

In sum, Shachter's complaints that Defendants acted unreasonably, maliciously, or based on false information or evidence in filing or prosecuting the action against him fall within the realm of the prosecutorial immunity that Defendants are guaranteed.[6]

Because the Court finds the individual Defendants to be immune based on absolute prosecutorial immunity, the City is immune under Section 2-109 of the Tort Immunity Act. The Tort Immunity Act provides in relevant part that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. "'Injury' means death, injury to a person, or damage to or loss of property [and] any injury alleged in a civil action." 745 ILCS 10/1-204. *See Bloomingdale v. C.D.G. Enters.*, 196 Ill. 2d 484, 497, 256 Ill. Dec. 848, 858 (Ill. 2001) ("section 2-109 provides that a local public entity is not liable

---

prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate.").

[6] In its previous opinion, this Court noted that a judgment had been entered against Shachter in the state court case. That February 20, 2019 judgment was vacated recently by the Illinois appellate court on the grounds that it was void because the state court judge should have permitted Shachter a substitution of judge as of right. *City of Chi. v. Shachter*, 2020 IL App (1st) 190393-U. That outcome, based on a procedural rule and not on the merits of the City's complaint in the state court case, does not change the outcome here.

9

where its employee is not liable."). *See also Lake Forest Real Estate Inv'rs, LLC v. Vill. of Lincolnwood*, 2019 U.S. Dist. LEXIS 190701, at *20 (N.D. Ill. Nov. 4, 2019) ("Both state and federal courts in Illinois have upheld the application of immunity under these sections regardless of 'willful and wanton conduct' or 'corrupt or malicious motives.'") (citations omitted).

The Court dismisses Count I against the City and individual Defendants with prejudice.

### B. Due Process Violation (Count II)

Shachter also brings a Fifth Amendment claim, alleging that Defendants "under color of law, deprived me of my property without due process of law, in defiance of Federal law, [making] Defendants liable for civil-rights damages, under 42 U.S.C. § 1983." (Am. Compl. ¶ 15). To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that a government official, acting under color of state law, deprived [him] of a right secured by the Constitution or laws of the United States." *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). A plaintiff bringing such a claim must have: (1) suffered a deprivation of a constitutional right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority; which (3) proximately caused his injury. *Ovadal v. City of Madison*, 416 F.3d 531, 535 (7th Cir. 2005).[7]

---

[7] As Defendants point out, Shachter does not identify whether this claim is based on a procedural or substantive due process violation. *See Doherty v. City of Chi.*, 75 F.3d 318, 324 (7th Cir. 1996) (procedural due process claim requires that a plaintiff's available state remedies be inadequate). And "when a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show either the inadequacy of state law

10

As to the individual Defendants, for all of the same reasons described above, they are absolutely immune from liability in Count II of Shachter's Amended Complaint. As to the City, it can only be liable under *Monell*. Because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), a § 1983 claim against a municipality "must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims,* 506 F.3d at 514. Shachter added to his Amended Complaint allegations such as that "[i]t will be shown at trial that the City of Chicago has a pattern of": filing false complaints and false affidavits in cases of this nature (Am. Compl. ¶¶ 6-7); deliberately obtaining *ex parte* orders in cases of this nature (*id*. ¶ 8); and "deliberately rushing to execute such work orders, in cases of this nature" (*id*. ¶ 11). However, Shachter does not allege that these practices were the reason or moving force behind his alleged constitutional injuries.

And because Shachter cannot state a § 1983 claim against the individual Defendants for violation of his due process rights, he cannot state a claim for *Monell* liability. *See Bertha v. Hain,* 787 F. App'x 334, 340 (7th Cir. 2019) (no liability under *Monell* when there is no underlying constitutional violation); *Palka v. Shelton,* 623 F.3d 447, 455 (7th Cir. 2010) (*Monell* claim dismissed because that claim requires a municipal policy or practice that results in a constitutional deprivation, and plaintiff failed to state a claim for any constitutional violation). Furthermore, to the extent

---

remedies or an independent constitutional violation." *Lee v. City of Chi.*, 330 F.3d 456, 467 (7th Cir. 2003). Shachter has not alleged that state law remedies are inadequate.

11

that Shachter's claim can be construed as a malicious prosecution claim, no such claim exists under the Due Process Clause. *See Bertha,* 787 F. App'x at 340 (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 919, 197 L. Ed. 2d 312 (2017)).

The Court dismisses Count II against the City and individual Defendants with prejudice.

### C. Tortious Criminal Conduct (Count III)

In Count III, Shachter alleges that Defendants violated 720 ILCS 5/21-1(a)(1) and 18 U.S.C. § 242. This Court already dismissed this count with prejudice (Dkt. 43 at 9). Nevertheless, the Court addresses Shachter's reliance on *Sawyer Realty Grp., Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 59 Ill. Dec. 905 (1982) and *Heimgaertner v. Benjamin Mfg. Co.*, 6 Ill.2d 152 (1955). *Sawyer* involved the Illinois Real Estate Brokers and Salesmen License Act. It did not involve a criminal statute. *Heimgaertner* involved the constitutionality of the Illinois Election Code. Discussing a section of the Election Code, the Court explained that "[w]hen a statute is enacted for the protection of a particular class of individuals, a violation of its terms *may* result in civil as well as criminal liability, even though the former remedy is not specifically mentioned therein." *Id.* at 155 (emphasis added). However, Shachter fails to cite to any authority for the proposition that a private plaintiff may bring a civil cause of action under 720 ILCS 5/21-1(a)(1) or 18 U.S.C. § 242 or that either of these statutes create such a right of action either expressly or impliedly. Indeed "[t]he criminal code does not provide a private right of action to private citizens." *Mathers v. HSBC Bank*, 2018 U.S. Dist. LEXIS 136070, at *15 (N.D. Ill. Aug. 13, 2018). *See also Dixon v. McGuire*, 2014 IL

12

App (3d) 120727-U, ¶ 7 ("The [Illinois] Criminal Code creates no civil cause of action for a violation of its provisions."). Count III remains dismissed with prejudice.

### D. Exemplary Damages (Count IV)

In Count IV, Shachter seeks exemplary or punitive damages for Defendants' conduct that was "criminal in character." (Am. Compl. ¶¶ 18-19). As explained above, Shachter cannot recover under 720 ILCS 5/21-1(a)(1) and 18 U.S.C. § 242. Further, 745 ILCS 10/2-102 immunizes a local public entity and public officials from punitive or exemplary damages. And given that Shachter has failed to state a claim under § 1983, this Count is stricken with prejudice against the City and the individual Defendants.

### E. Leave to Replead

At the end of his response brief, Shachter seeks leave to replead if Defendants' motion is granted. (Dkt. 51 at 9). That request is denied. "Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing." *Haywood*, 887 F.3d at 335. *See also Campos v. Cook Cty.*, 932 F.3d 972, 977 (7th Cir. 2019) ("[plaintiff] did not state claims upon which relief could be based, and a district court need not grant leave to amend if there doesn't seem to be a plausible way to cure the defects."); *Levan Galleries LLC v. City of Chi.*, 790 F. App'x 834, 836 (7th Cir. 2020).

13

Here, Shachter has not explained how he would amend his complaint to cure the defects and the Court does not see any plausible way to cure the defects.

## IV. Conclusion

For the stated reasons, Defendants' Rule 12(b)(6) motion to dismiss [48] is granted. Plaintiff Shachter's complaint is dismissed with prejudice. The Clerk is directed to enter judgment and terminate the civil case.

E N T E R:

Dated: June 9, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

14